## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JEAN MCCRAVE BAXTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:** _1:18-cv-424_ |
| | ) | |
| **MERRILL LYNCH, PIERCE, FENNER,** | ) | |
| **& SMITH INCORPORATED** | ) | |
| | ) | |
| **Defendant.** | | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Defendant"), pursuant to 28 U.S.C. § 1441, *et seq.*, and gives notice of the removal of this action from the Superior Court of the State of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island.

### I.    Procedural Background

1.    This case, styled *Jean McCrave Baxter v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, was filed on or about July 12, 2018 in the Superior Court of the State of Rhode Island, Providence County, where it remains pending as Civil Action No. PC-2018-4932. Defendant was served with the Summons and Complaint on July 13, 2018.  True and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as "Exhibit A."

2.    This removal has been timely filed because it is filed within thirty days of the date that Defendant was served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4.    The United States District Court for the District of Rhode Island is the federal judicial district and division encompassing the Superior Court of the State of Rhode Island,

Providence County, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. § 89  and § 1441(a).

## II.      Grounds For Removal

5.      Plaintiff's cause of action is removable under 28 U.S.C. § 1441 because it originally could have been filed in this Court under 28 U.S.C. § 1332 (a) as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States….

**A.     Citizenship of Parties.**

6.      Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated is a Delaware corporation with its principal place of business in New York.  *See* Declaration of Robert M. Drozynski, attached hereto as Exhibit B, at ¶4.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and New York.

7.      Plaintiff Jean McCrave Baxter is a citizen and resident of Rhode Island.  Complaint at ¶1.  Upon information and belief, Plaintiff is not and was not at the time of the filing of the Complaint a citizen of Delaware or New York.

8.      Accordingly, complete diversity exists between Plaintiff and Defendant in this case.

**B.     Amount in Controversy.**

9.      Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Plaintiff's Complaint seeks an unspecified amount of damages.  Where the complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Hogan v. Wal-Mart Stores E., L.P.*, 2013 U.S. Dist. LEXIS 182702, at *9 (D.R.I. Nov. 27, 2013).  This burden is

easily met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000. *See, e.g.*, *Archila v. Integon Nat'l Ins. Co.*, 2017 U.S. Dist. LEXIS 192411, at *5 (D.R.I. Nov. 21, 2017). If the jurisdictional amount is not facially apparent from the pleadings or complaint, a district court may look to the notice of removal and any other materials submitted by the parties. *Hogan*, 2013 U.S. Dist. LEXIS 182702, at *11. A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden to establish the amount in controversy. *See, e.g.*, *Providence Piers, LLC v. SMM New England, Inc.*, 2013 U.S. Dist. LEXIS 6438, at *12 (D.R.I. Jan. 16, 2013) (denying motion to remand and relying on a declaration submitted by defendant establishing the amount in controversy).

11.     Here, it is facially apparent that Plaintiff is seeking damages in excess of $75,000. In her Complaint, Plaintiff seeks every conceivable form of damages, including compensatory damages such as lost wages, emotional distress damages, loss of employee benefits including health insurance and other medical benefits, pecuniary damages, exemplary damages, and attorneys' fees, litigation costs, expenses, and pre-judgment interest. Complaint at ¶¶ 19-21, paragraph beginning "Wherefore" on page 5. Additionally, Plaintiff seeks to recover damages due to alleged "emotional distress causing total disability, and the inability to be gainfully employed." *Id.* at ¶ 19(b). Plaintiff seeks to recover damages under both the Rhode Island Fair Employment Practices Act ("RIFEPA") and the Rhode Island Civil Rights Act of 1990 ("RICRA").

12.     Plaintiff began her employment with Defendant in January 2011 in the Investment Specialist role. Complaint at ¶4. In July 2014, Plaintiff began working in the Premium Elite Relationship Manager ("Relationship Manager") role, and she has remained in that role since that time. *See* Exhibit B at ¶5. Plaintiff has been on a leave of absence since on or about December 12, 2015. *Id.* at ¶6; *see also* Complaint at ¶17. As a Relationship Manager, Plaintiff's annual salary amounted to approximately $62,000 at the time she began her leave of absence in December 2015.

*See* Exhibit B at ¶7.  Additionally, Plaintiff received over $23,000 in incentive compensation in 2015.  *Id.*

13.     Plaintiff seeks to recover damages due to alleged "emotional distress causing total disability, and the inability to be gainfully employed."  Complaint at ¶19(b).  For purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases.  *See Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004).  Federal and state courts have awarded damages in excess of $75,000 for emotional distress damages under employment discrimination statutes.  *See, e.g.*, *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 64 (1st Cir. 2005) (affirming award of $250,000 in emotional distress damages in employment discrimination case); *Koster v. TWA*, 181 F.3d 24, 36 (1st Cir. 1999) (allowing award of $250,000 in emotional distress damages against plaintiff's former employer).  Clearly, Plaintiff's emotional stress damages could exceed $75,000, especially since she has alleged that her emotional stress was so severe as to cause "total disability and the inability to be gainfully employed."  Complaint at ¶ 19(b).  *See, e.g.*, *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $75,000.00.").  As her salary was approximately $62,000 at the time she began her leave of absence in December 2015 and she received over $23,000 in incentive compensation that year, Plaintiff's allegation that she can no longer be gainfully employed due to Defendant's action clearly shows that her Complaint satisfies the jurisdictional amount.

14.     Additionally, Plaintiff demands exemplary damages in her Complaint.  Complaint at ¶¶ 20-21, paragraph that begins "Wherefore" on page 5.  The RIFEPA and the RICRA allow

plaintiffs to recover exemplary or punitive damages.   *See* R.I. Gen. Laws § 28-5-29.1; R.I. Gen. Laws § 42-112-2.  Exemplary or punitive damages are included in the determination of the amount in controversy.  *See Zaroogian v. Bank of Am.*, 2016 U.S. Dist. LEXIS 175767, at *12 n.2 (D.R.I. Nov. 1, 2016) ("[P]unitive damages can be included in the jurisdictional minimum."); *Freitas v. First N.H. Mortg. Corp.*, 1998 U.S. Dist. LEXIS 15698, at *18 (D.R.I. July 23, 1998) ("[P]unitive damages are to be considered in calculating the amount in controversy for purposes of diversity jurisdiction.").  Nothing in Plaintiff's complaint indicates that she is seeking less than the maximum allowable of exemplary or punitive damages pursuant to the RIFEPA and the RICRA.  Accordingly, her demand for exemplary or punitive damages again demonstrates that Plaintiff's Complaint facially states a claim in excess of $75,000.

15.     Plaintiff also demands all costs and attorney fees, which are available pursuant to the RIFEPA and the RICRA.  Complaint at ¶19(d); paragraph that begins "Wherefore" on page 5.  Statutory attorneys' fees are properly considered in calculating whether the requisite amount in controversy has been met.  *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n.15 (1st Cir. 2014) (attorneys' fees may be considered when calculating the amount in controversy where the award of fees is "explicitly allowed by statute."); *Van Dorn Retail Mgmt. v. Back Bay Clothing Co.*, 1992 U.S. Dist. LEXIS 7592, at *10 (D.R.I. Feb. 28, 1992) ("[A]ttorneys fees alone may satisfy the jurisdictional minimum amount."); *Billings & Co., Inc. v. Pine St. Realty Assocs. Ltd. P'ship*, 754 F. Supp. 10, 13 (D.R.I. 1990) ("[A]ttorney's fees are properly included in determining the sufficiency of the requisite jurisdictional amount.").  Plaintiff's demand for all costs and attorney's fees further demonstrates that she is seeking an amount of damages in excess of $75,000.

16.     Together, Plaintiff's claims for compensatory damages including lost wages and emotional distress damages, exemplary damages, and all costs and attorney's fees plainly establish that the Complaint states a claim that exceeds $75,000.  Accordingly, the jurisdictional amount

required for diversity jurisdiction is plainly satisfied in this case.

### III.    All Other Removal Prerequisites Have Been Satisfied

17.    The Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the first served Defendant, and it is therefore timely under 28 U.S.C. § 1446(b).

18.    Defendant has sought no similar relief with respect to this matter.

19.    Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

20.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21.    Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

22.    A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Superior Court of the State of Rhode Island, Providence County.

23.    The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the District of Rhode Island, and this cause is removable to the United States District Court for the District of Rhode Island.

24.    If any questions arise as to the propriety of the removal of this action, Defendant requests to present a brief and oral argument in support of their position that this case is removable.

### IV.    Adoption and Reservation of Defenses

25.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) the mandatory arbitrability of some or all of the claims; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) improper joinder of claims and/or parties; (7) failure to state a claim; (8)

failure to join indispensable parties; or (9) any pertinent defense under the Rhode Island or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, the Defendant, desiring to remove this case to the United States District Court for the District of Rhode Island being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted,
MERRILL LYNCH, PIERCE, FENNER,
& SMITH INCORPORATED,
by its counsel,

Date: August 2, 2018

*/s/ Katharine E. Kohm*
Mark. A. Pogue (#3441)
Katharine E. Kohm (#8194)
Pierce Atwood LLP
One Financial Plaza, Suite 2600
Providence, Rhode Island 02903
Tel: (401) 588-5113
Fax: (401) 588-5166
mpogue@pierceatwood.com
kkohm@pierceatwood.com

Additional Counsel for Defendant:
Bert H. Ware, Esq. (*pro hac vice motion to be filed*)
Bressler, Amery & Ross, P.C.
17 State Street, 34th Floor
New York, NY 10004
Direct Dial:  617.416.7322
Main Office:  212.510.6911
bhware@bressler.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of the Court on the 2nd day of August 2018 and that it is available for viewing and downloading from the Court's CM/ECF system.  All counsel of record have been served by electronic means and by U.S. Mail, first class postage prepaid, on the date this document was filed.

*Counsel for Plaintiff*
Harry J. Hoopis, Esq.
HOOPIS & HOOPIS
33 College Hill Road, Building 5B
Warwick, RI 02886
401.823.6266
hoopis@hoopisandhoopis.com


_____ */s/ Katharine E. Kohm* _____