Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:58 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 1 of 6 PageID #: 9

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, S.C.

JEAN MCCRAVE BAXTER
    *Plaintiff,*

VS.                                                      CA NO:

MERRILL LYNCH, PIERCE, FENNER, &
SMITH INCORPORATED
    *Defendant.*

## COMPLAINT

1. The Plaintiff, Jean McCrave Baxter (hereinafter Plaintiff), is a resident of the Town of North Providence, County of Providence, State of Rhode Island.

2. The Defendant, Merrill Lynch, Pierce, Fenner, & Smith Incorporated (hereinafter Defendant), is a foreign corporation authorized to do business in the State of Rhode Island and is doing business in the Town of Lincoln, County of Providence, State of Rhode Island.

3. Plaintiff invokes the jurisdiction of the Court pursuant to R.I.G.L. §42-112-1, R.I.GL. §28-5-1 et seq., R.I.G.L.§8-2-13, R.I.G.L.§8-2-14, and R.I.G.L. §42-87-1 et-seq.

4. The Plaintiff commenced her employment with the Defendant on or about January 3, 2011 as an investment specialist, and in October 2012 she became a relationship manager.

5. In November, 2012, the Plaintiff notified her manager in writing of the hostile environment of the Defendant for females. Her manager stated the problem is known and will be addressed. Since this notification, Plaintiff was harassed.

Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:58 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 2 of 6 PageID #: 10

6. The behavior of her predominantly male colleagues constituted harassment with the use of vulgar language that included swearing, and sexual jokes. Client's called the Plaintiff "Sweetie, "Honey," and asked her to sit on their laps and asked to go on a date with them.

7. In July, 2014, Plaintiff discovered that in Human Resource records, her gender had been changed to male, and her spouse changed to domestic partnership. Medical bills were denied payment. This action was joked about extensively and caused her pain and suffering.

8. The treatment towards the Plaintiff was retaliatory-in nature, because Plaintiff objected to the accepted behaviors and culture of this type of treatment toward females in that job position. Plaintiff advised when she accepted the position, that she would have the opportunity to obtain additional industry licenses. This licensing would provide job security and enhance the possibility of promotions.

9. In 2015, seven new additions were added to Plaintiff's team; all males and all being allowed to obtain additional licenses. Plaintiff made many requests, was denied the opportunity to take the tests to obtain licenses.

10. Young males between the ages of 25 to 40 were hired and promoted at a rapid pace. Plaintiff was qualified, but because of Defendant's discrimination practice, she was denied promotions.

Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:08 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 3 of 6 PageID #: 11

11. In February 2015, Plaintiff was denied an extra personal day when her father passed away and time when the site closed for emergency weather.

12. In 2013, the Plaintiff was denied two requests for The Family and Medical Leave Act of 1993 (FMLA) to care for sick parents.

13. The Defendant wrongfully alleged poor performance by the Plaintiff and Plaintiff's superiors proceeded to harass and discriminate her as stated herein.

14. That said allegations were false and was a pretext to discrimination because of Plaintiff's sex.

15. The Defendant wrongfully denied Plaintiff promotions, ability to obtain licenses and the benefits of her employment as stated herein.

16. During the period of time from November 2014 to February 2015, Plaintiff complained to her manager three times of the discriminatory treatment from her supervisor, fellow male employees, and clients. The manager of the Defendant refused to correct the issues.

17. Plaintiff has been on a disability related medical leave of absence since December 12, 2015.

18. The Plaintiff's performance met or exceeded the Defendant's legitimate expectation.

Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:59 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 4 of 6 PageID #: 12

19. As a result of this discriminatory treatment, Plaintiff has suffered and will continue to suffer ecuniary and compensatory damages now and in the future, including, without limitation:

    a) Emotional Distress; and

    b) Emotional distress causing total disability, and the inability to be gainfully employed; and

    c) Loss of wages and employee fringe benefits including health insurance and other medical benefits; and

    d) Attorney's fees and related expenses.

20. The illegal conduct of the Defendant was motivated by malice or ill will and demonstrated reckless and callous indifference to Plaintiff's right to work in an environment free from unlawful employment discrimination and entitles Plaintiff to an appropriate award of exemplary damages.

21. As a result of discriminatory treatment that the Defendant suffered upon the Plaintiff, the Defendant stands liable to Plaintiff for an appropriate award of pecuniary damages, compensatory damages, and exemplary damages.

22. Plaintiff timely filed a Charge of Discrimination with the Rhode Island Commission for Human Rights and has otherwise satisfied all conditions precedent prior to timely commencing this action before this Court.

Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:58 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 5 of 6 PageID #: 13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. A finding declaring the Plaintiff as the prevailing party in this action;

2. A finding that the Defendant stands liable to make the Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged, including <u>inter alia</u> back pay, front pay, the value of lost fringe benefits and other pecuniary damages to be determined by a jury;

3. A permanent injunction against the Defendant prohibiting future acts of gender discrimination against Plaintiff and similarly situated female employees;

4. A finding that the Defendant stands liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged herein, including, without limitation, Plaintiff's compensatory damages to be determined by a jury;

5. A finding that the Defendant stands liable to Plaintiff for an appropriate award of exemplary damages to punish Defendants' wrongful, malicious, intentional, purposeful, extreme, outrageous, wicked and wanton actions complained of herein that were motivated by malice, ill will, and a reckless or callous indifference to the statutorily protected rights of the Plaintiff to work in an environment free from discrimination;

6. An Order declaring that the acts and practices complained of herein are in violation of the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act of 1990;

7. An Order enjoining and permanently restraining Defendants from further violations of the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act of 1990;

Case Number: PC-2018-4932
Filed in Providence/Bristol County Superior Court
Submitted: 7/12/2018 8:58 AM
Envelope: 1624440
Reviewer: Lynn G.

Case 1:18-cv-00424-WES-LDA   Document 1-1   Filed 08/02/18   Page 6 of 6 PageID #: 14

8. An Order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff's employment opportunities;

9. A finding after judgment in Plaintiff's favor, that the Defendant stands liable to Plaintiff for an award of his reasonable attorney's fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorney's fees taxable to the Defendant, along with a determination of the Plaintiff's litigation costs and expenses taxable to the Defendant.

10. An appropriate award of pre-judgment interest on all sums recovered;

11. Such other and further relief as this Court deems just and proper.

Respectfully submitted, PLAINTIFF,
JEAN MCCRAVE BAXTER
By her Attorney,

*/s/ Harry J. Hoopis*

HARRY J. HOOPIS, ESQ. #0738
HOOPIS & HOOPIS
33 College Hill Road, Building 5B
Warwick, RI 02886
(401) 823-6266
hoopis@hoopisandhoopis.com
Date: July 11, 2018

### JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues triable by right to a jury.