IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEAN MCCRAVE BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.: 1:18-cv-424 |
| ) | |
| MERRILL LYNCH, PIERCE, FENNER, ) | |
| & SMITH INCORPORATED ) | |
| ) | |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Defendant") hereby answers Plaintiff's Complaint and set forth their defenses as follows. All matters not expressly admitted herein are denied.

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is a Delaware corporation with its principal place of business in New York. Defendant admits that it is authorized to do business and conducts business in the town of Lincoln, County of Providence, Rhode Island.

3. Defendant admits that Plaintiff brings this action under R.I.G.L § 42-112-1, R.I.G.L § 28-5-1, *et seq.*, R.I.G.L § 8-2-13, R.I.G.L § 8-2-14, and R.I.G.L § 42-87-1, *et seq.* However, Defendant denies that Plaintiff was a victim of any unlawful employment practice, or that Defendant violated these statutes with respect to Plaintiff's employment.

4. Defendant admits that Plaintiff began her employment with Defendant on or about January 3, 2011 in the Investment Specialist role. Defendant admits that Plaintiff began working in the Premium Elite Relationship Manager ("Relationship Manager") role in July 2014. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

1

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Plaintiff's gender and marital status were inadvertently changed in Defendant's internal records due to an error that occurred when Defendant converted its Human Resources information management system to a new system and vendor. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff has been on a leave of absence since on or about December 12, 2015. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint and the following sub-paragraphs (a) through (d).

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff has asserted timely claims in this action to the extent that such claims were also asserted in her discrimination charge filed with the Rhode Island Commission for Human Rights on or about May 18, 2016. Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

In response to the WHEREFORE paragraph on page 5 of Plaintiff's Complaint and the following sub-paragraphs (1) through (11), Defendant denies that Plaintiff is entitled to any relief whatsoever in this action.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

1. Except to the extent expressly admitted herein, Defendant denies the material allegations of the Complaint and demands strict proof thereof.

2. Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted.

3. Plaintiff has alleged only conclusions of law or formulaic recitations of the elements of her claims without any supporting facts, details, or events to support such elements.

4. To avoid unnecessary waiver, Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or are otherwise untimely.

5. Plaintiff's claims are barred, in whole or in part, because any losses Plaintiff has sustained or will sustain are due to Plaintiff's own failures and omissions and Plaintiff's own conduct or negligence.

6. Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

7. To avoid unnecessary waiver, Plaintiff's claims may be barred, in whole or in

part, by the doctrines of unclean hands, laches, estoppel, acquiescence, consent, agreement, accord and satisfaction, and/or waiver.

8. Plaintiff's claims are barred, in whole or in part, by the Rhode Island employment "at will" doctrine.

9. Plaintiff is precluded from any recovery because Plaintiff has not suffered any damages or any legally recognizable injury and/or the damages Plaintiff seeks are speculative and not recoverable as a matter of law.

10. Without conceding that Defendant has the burden of proof on this issue, Defendant based all actions with regard to Plaintiff on legitimate, good-faith non-discriminatory, and non-retaliatory business factors.

11. Plaintiff cannot recover liquidated damages because Defendant at all relevant times made a good faith effort to comply with all applicable anti-discrimination statutes with regard to Plaintiff, and any discriminatory actions or decisions by its managerial agents were contrary to those good faith efforts.

12. Without conceding that Defendant has the burden of proof on this issue, Defendant acted in good faith and without any discriminatory or retaliatory motive, intent, malice, or reckless disregard for Plaintiff's rights.

13. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated any alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

14. To avoid waiver, some or all of Plaintiff's claims are barred by Plaintiff's failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all

necessary jurisdictional prerequisites to the filing of this suit.

15. Defendant denies that any unlawful acts were committed against Plaintiff. However, even assuming they occurred (which they did not), Defendant is not liable for actions which were neither authorized nor ratified by Defendant or were committed outside the scope of employment.

16. Defendant denies that it was motivated by unlawful animus when it took employment action(s) with regard to Plaintiff. Defendant asserts, however, that they would have made the same employment decision(s) irrespective of any alleged unlawful motive.

17. Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employee and/or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

18. Any damages Plaintiff suffered were not caused by any action, conduct, behavior, or incidents for which Defendant is or could be liable.

19. The Complaint fails to state a claim against Defendant upon which declaratory or equitable relief can be awarded.

20. At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserve the right to amend this Answer based on discovery of additional information or affirmative defenses at a later date, up to and including the time of trial.

|  |  |
|---|---|
| | Respectfully submitted,<br>MERRILL LYNCH, PIERCE, FENNER,<br>& SMITH INCORPORATED,<br>by its counsel, |
| Date: August 2, 2018 | */s/ Katharine E. Kohm*_____<br>Mark. A. Pogue (#3441)<br>Katharine E. Kohm (#8194)<br>Pierce Atwood LLP<br>One Financial Plaza, Suite 2600<br>Providence, Rhode Island 02903<br>Tel: (401) 588-5113<br>Fax: (401) 588-5166<br>mpogue@pierceatwood.com<br>kkohm@pierceatwood.com<br><br>*Counsel for Defendant*<br>*Merrill Lynch, Pierce, Fenner & Smith, Inc.* |

Additional Counsel for Defendant:
Bert H. Ware, Esq. (*pro hac vice motion to be filed*)
Bressler, Amery & Ross, P.C.
17 State Street, 34th Floor
New York, NY 10004
Direct Dial: 617.416.7322
Main Office: 212.510.6911
bhware@bressler.com

### CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court on the 2nd day of August 2018 and that it is available for viewing and downloading from the Court's CM/ECF system. All counsel of record have been served by electronic means and by U.S. Mail, first class postage prepaid, on the date this document was filed.

*Counsel for Plaintiff*
Harry J. Hoopis, Esq.
HOOPIS & HOOPIS
33 College Hill Road, Building 5B
Warwick, RI 02886
401.823.6266
hoopis@hoopisandhoopis.com

_____/s/ Katharine E. Kohm_____